## PATRICK NOON *vs.* THE SALISBURY MILLS.

A laborer who by a written contract has agreed to forfeit his wages if he should fail to comply with certain printed regulations, one of which was that persons employed " are not allowed to be absent from their work without the consent of their overseer, except in case of sickness, and then they are required to send him word of the cause of their absence," cannot maintain an action to recover for his labor, if he left his work by reason of sickness, and, though able to send word of the cause of his absence to the overseer, omitted to do so.

CONTRACT to recover the price of labor. At the trial in the superior court, upon facts agreed, which are stated in the opinion

judgment was rendered for the plaintiff, and the defendants appealed to this court.

*H. G. Johnson*, for the plaintiff.

*W. C. Binney*, for the defendants.

BIGELOW, C. J.   By the terms of the written contract, under which the plaintiff performed labor for the defendants, he has forfeited all right to recover compensation therefor.   He expressly agreed that in case he did not obey the general rules established by the defendants, as shown by their printed regulations, he would forfeit all wages due to him for labor, whatever their amount might be.   Among the regulations by which the plaintiff stipulated that he would be bound was one which required him not to be absent from his work without the consent of the overseer, except in case of sickness, and then he was " required to send him word of the cause of his absence."   This last stipulation was not fulfilled by the plaintiff.   He wholly omitted to send any notice to the overseer that his absence from work was occasioned by sickness, although the agreed facts show that he was quite able to do so.   The case is not like *Hunt* v. *Otis Company*, 4 Met. 464.   In that case the plaintiff had not entered into any agreement by which he was to forfeit his wages if he failed to comply with the rules established by the corporation.   But it was expressly held by the court in that case that, if there had been such a stipulation, the plaintiff would have fallen within the penalty; and that, if the rule had been enlarged by adding a clause of forfeiture, a party violating it could not recover the wages previously earned by him.

*Judgment for the defendants.*